UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JAMES WILLIAMS, | No. 2:22-cv-2250 CKD P |
| Plaintiff, | |
| v. | ORDER |
| JOSHUA PRUDHEL, et al., | |
| Defendants. | |

 Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

 On March 6, 2023, the court screened plaintiff's complaint and dismissed the complaint with leave to amend. Having conducted the required screening with respect to plaintiff's amended complaint, the court finds that plaintiff may proceed on the following claims:

 1. Claims arising under the First Amendment based upon retaliation for protected conduct against defendants Vertelli, Groves and Herr as alleged in paragraphs 5-13 in the amended complaint.

1

2. Claims arising under the First Amendment based upon retaliation for protected conduct against defendants Vertelli, Rios, Benson, Simmons and Groves as alleged in paragraphs 23-43 of the amended complaint, and a claim for exposure to harmful conditions of confinement in violation of the Eighth Amendment against the same defendants relating to plaintiff's fall down stairs alleged in paragraph 43.

At this point, plaintiff has two options: proceed on the claims identified above or file a second amended complaint in an attempt to cure the deficiencies with respect to the other claims and defendants identified in the amended complaint.

If plaintiff chooses to proceed on the claims described above, the court will construe this as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

To assist plaintiff in making his decision the court informs plaintiff that his amended complaint is generally vague and confusing. For the most part, plaintiff fails to identify the specific actions of a defendant that caused actual injury. For instance, plaintiff is vague as to which actions were taken by which defendants. Further, plaintiff frequently refers to defendants collectively rather than indicating specifically who did what and how that caused injury. Each defendant has a right to be put on notice as to exactly what plaintiff alleges he/she did. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

With respect to plaintiff's claims arising under the Americans with Disabilities Act, plaintiff is referred to the court's March 6, 2023 screening order for a discussion of what plaintiff must demonstrate to state a claim.

In addition, plaintiff is informed that under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants. Simply put, plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A. For example, plaintiff's claims arising from events occurring at California State

1  Prison, Los Angeles County cannot be joined with the claims identified above which arose at
2  California State Prison, Sacramento.
3        Finally, plaintiff is informed that any second amended complaint cannot exceed 25 pages
4  and that the court cannot refer to a prior pleading in order to make plaintiff's second amended
5  complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself
6  without reference to any prior pleading.  This is because, as a general rule, an amended complaint
7  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).
8        In accordance with the above, IT IS HEREY ORDERED that:
9        1. Plaintiff has the option to proceed immediately on the claims described herein.  In the
10  alternative, plaintiff may choose to file a second amended complaint to fix the deficiencies
11  identified in this order with respect to the remaining claims and defendants.
12        2. Within 21 days from the date of this order, plaintiff shall complete and return the
13  attached Notice of Election form notifying the court whether he wants to proceed on the screened
14  amended complaint or whether he wants time to file a second amended complaint.
15        3. If plaintiff fails to return the attached Notice of Election within the time provided, the
16  court will construe this failure as consent to dismiss the deficient claims and proceed only on the
17  cognizable claims identified above.
18  Dated: November 27, 2023

                                                  CAROLYN K. DELANEY
                                                  UNITED STATES MAGISTRATE JUDGE

23  1
   will2250.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JAMES WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA PRUDHEL, et al.,<br><br>    Defendants. | No. 2:22-cv-2250 CKD P<br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_  1. Plaintiff wishes to proceed on the following claims:

     A.  Claims arising under the First Amendment based upon retaliation for protected conduct against defendants Vertelli, Groves and Herr as alleged in paragraphs 5-13 in the amended complaint.

     B.  Claims arising under the First Amendment based upon retaliation for protected conduct against defendants Vertelli, Rios, Benson, Simmons and Groves as alleged in paragraphs 23-43 of the amended complaint, and a claim for exposure to harmful conditions of confinement in violation of the Eighth Amendment against the same defendants relating to plaintiff's fall down the stairs alleged in paragraph 43.

\_\_\_\_\_  2. Plaintiff wants time to file a second amended complaint.

DATED:

                                  _____

                                  Plaintiff