UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JAMES WILLIAMS, | No.  2:22-cv-2250 TLN CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOSHUA PRUDHEL, et al., | |
| Defendants. | |

Plaintiff's brother asks that this case be reopened and, seemingly, that he be allowed to substitute as plaintiff.  On May 28, 2024, the then-remaining defendants informed the court that they had learned from staff at plaintiff's prison that plaintiff had died.  In response, on June 10, 2024, the court ordered, in conformance with Rule 25 of the Federal Rules of Civil Procedure, that any motion for substitution with respect to plaintiff by filed within 90 days.  No motion for substitution having been filed, the case was dismissed on January 21, 2025.

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

1

Plaintiff's brother seems to suggest that pursuant to Rule 25 of the Federal Rules of Civil Procedure, he should have been served with the May 28, 2024, notice from defendants that plaintiff had died.  While Rule 25 may require that a defendant provide notice to the representative of a deceased plaintiff's estate prior to dismissal if that representative is known to defendant, there is no such obligation when the defendant did not know or have reason to know the identity of the representative.  Meyers v. City of L.A., No. CV 10-05225 DMG (AJW), 2011 WL 7164461, *3 (C.D. Cal., Dec. 19, 2011).  Defendants had no reason to believe plaintiff's brother was the representative of plaintiff's estate when they filed the notice that plaintiff had died.  Plaintiff's brother was not plaintiff's next of kin, nor, at that point, designated as the representative for plaintiff's estate.  ECF No. 37-1 & 2.

For these reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion that this case be reopened (ECF Nos. 36, 39 and 41) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 3, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
will2250.frs(2)

2